[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
STATEMENT OF CASE
The Plaintiff, Connecticut Resources Recovery Authority, is a public instrumentality and subdivision of the State of Connecticut as set forth in Connecticut General Statutes Section 22a-257, et seq. The Plaintiff appealed to this Court from the Board of Tax Review of the Town of Ellington. The pleadings do not make it clear whether this appeal is pursuant to Connecticut General Statutes Section 12-118
(Excessive Assessment) or Connecticut General Statutes Section 12-89 (Improper Denial of an Exemption) or both. Clearly, the Plaintiff's second count is a claim of wrongful assessment pursuant to Connecticut General Statutes Section12-119. Since the parties agreed at trial that the Grand List for each year from October 1, 1987 through October 1, 1992 was before the Court, the specific authority for appeal is of no practical significance.
PLAINTIFF'S CLAIMS
Plaintiff, while filing its appeal in the alternative, makes two essential claims. First, it claims an exemption pursuant to Connecticut General Statutes Section 22a-270. Second, if it is not exempt, it claims illegal assessment because of a reassessment between decennial revaluations in contradiction of cases such as 84 Limited Partnership v. Board of Tax Review, 207 Connecticut 250, (1988) and Ralston Purina Company v. Board of Tax Review, 203 Connecticut 1425, 435-436 (1987). CT Page 11349
The parties agreed at trial that if the Court found that the property were exempt from taxation pursuant to Connecticut General Statutes Section 22a-270 and further found no merit to the counterclaims and set-offs of the Defendant, then the question of inter-decennial reassessment would be moot.
DEFENDANT'S CLAIMS
The Defendant, the Town of Ellington, by way of counterclaim and set-off claimed in the alternative that; (1) the Plaintiff agreed to make payments in lieu of taxes as authorized by Connecticut General Statutes Section 22a-270; or (2) that Town approval constituted a benefit conferred which entitled the Town to payment in lieu of taxes; or (3) that the Town acted in such reliance on its reasonable expectation of payment in lieu of taxes that the Plaintiff is estopped from refusing to sign an agreement and make such payments.
FACTS
Plaintiff owns the property in question which is described in a warranty deed recorded at Volume 140, Page 938 of the Ellington Land Records and has owned the property continuously since July of 1986. Accordingly, the Court finds that the Plaintiff is aggrieved for each of the years in question.
The Board of Selectmen had passed a motion on January 21, 1985 which "supports the concept that a transfer station will be located in the Town of Ellington" [Respondent's Exhibit 2]. The discussion supporting the motion contained in the minutes of January 21, 1985 note several benefits to the Town from such a transfer station. Nothing in those minutes supports the Town's expectation of payment of lieu of taxes. From the testimony of First Selectman Miller, it is unclear whether payment in lieu of taxes was contemplated at the time the motion was passed. It is clear from the testimony of Mrs. Miller and others that Connecticut Resources Recovery Authority did not need the Town's approval to buy the site in question. The only required approval was a special permit from the zoning authority. While the processing of the permit application may have been expedited CT Page 11350 by Town Officials because of the expectation of payment in lieu of taxes, it appears that the Plaintiff was entitled to the permit, subject to appropriate conditions, and that the Town had no legal right to deny the permit whether or not a payment in lieu of tax agreement was forthcoming.
The assessed value of the subject property before the list of October 1, 1987 was $180,300; for the list of October 1, 1987 and subsequent years, it was reassessed to a value of $1,083,057.
The Plaintiff made payments to the Defendant pursuant to the requirements of Connecticut General Statutes Section22a-282 as follows:
Fiscal year 1988 — $ 36,980
Fiscal year 1989 — $ 57,685
 Fiscal year 1990 — $ 48,190 -------- Total — $142,855
In addition to the above referenced payments, in 1987 the Plaintiff forgave a claim for landfill use by the Defendant Town in an amount of $70,065. Neither the $142,855 paid under Connecticut General Statutes Section 22a-282 nor the $70,065 forgiveness were payments in lieu of taxes as contemplated by Connecticut General Statutes Section 22a-270. It is clear from a letter dated April 15, 1987 from First Selectman Mary Miller to Marion R. Chertow, President of Connecticut Resources Recovery Authority [Respondent's Exhibit 5] that in April of 1987 the Town expected an agreement for payment in lieu of taxes in addition to the payment which it was to receive under Connecticut General Statutes Section 22a-282.
It is equally clear in a letter dated May 1, 1987 to First Selectman Miller from Connecticut Resources Recovery Authority Project Manager Thomas F. Lenehan [Respondent's Exhibit 6], that Connecticut Resources Recovery Authority agreed with Mrs. Miller that the 22a-282 payments were not the contemplated payment in lieu of taxes and that Mr. Lenehan expected an agreement for such payments in lieu of taxes in the future. CT Page 11351
HOLDING OF THE COURT
It is the holding of the Court, that the property in question is exempt from taxation pursuant to Connecticut General Statutes Section 22a-270. The section, which clearly applies to the Plaintiff, plainly provides, ". . . the authority shall not be required to pay any taxes or assessment upon or in respect of a project." Indeed the attorney for the Town conceded the exemption in closing argument.
Connecticut General Statutes Section 22a-270 makes payments in lieu of taxes optional in the following language:
 "Provided nothing herein shall prevent the authority from entering into agreement to make payment in lieu of taxes with respect to property acquired by it or by persons leasing a project from the authority or operating or managing a project on behalf of the authority. . ."
The testimony at trial established that the mill rate for the Town of Ellington between 1986 and 1988 varied from 38.9 mills to 43.8 mills. Using an average mill rate of 40.0 mills and a pre-reassessment valuation of $186,300, the taxes due to the Town of Ellington would have been $7,452 per year. First Selectman Miller testified that her expectation of payment in lieu of taxes was a voluntary payment of 20% of what taxes would have been due if the project were taxable. There was no evidence that the Town expected the better than 6 fold increase in assessment when it began negotiations for payment in lieu of taxes. Therefore, Mrs. Miller's expectations were for payments of approximately $1,490 per year. In view of the fact that the Town received $142,863 between 1988 and 1990 in 22a-282 payments and an additional $70,065 in 1987 forgiveness, the Court finds no merit to the Town's argument of unrecompensed benefit conferred. The Town's remaining arguments are more persuasive but must fail for two reasons. First, there clearly was no meeting of the minds and no agreement was entered into. The Court finds that at best both sides may have had an expectation that an agreement would be entered into in the future. Likewise, the Court finds there was no detrimental reliance on the Town's part. While the Town officials may have facilitated the project, they appear to have lacked the legal authority to CT Page 11352 have blocked it. The Town took no meaningful action, to its detriment, in reliance on its expectation of an agreement for payment in lieu of taxes.
Since it is the holding of the Court that the property in question was exempt from taxation and since the Court further holds that the Town has no valid counterclaim or set-off, it is unnecessary to reach the question of whether or not the assessment was illegal because it was a reassessment between decennial revaluations in contravention of the case law in this regard.
The Court finds for the Connecticut Resources Recovery Authority on the question of exemption and finds against the Town on the question of counterclaim or set-off. However, the Court further finds that both Town officials and officials of the Authority expected that there would be an agreement for payment in lieu of taxes signed at some point in the future. Such an agreement was neither mandatory on the Authority nor forthcoming. Nevertheless, in view of this unfulfilled expectation, the Court exercises its discretion and orders that no cost be taxed against either party.
BY THE COURT,
Kevin E. Booth Judge, Superior Court